BOYD (FERREBEE), ADOPTION, IN RE.

Probate Court, Columbiana County.

No. 1377. Decided June 27, 1962.

TOBIN, J. The adoption proceedings was filed in the above case on behalf of the Ferrebees, asking for the adoption of Tania Lou Boyd. An answer and consent to the same was filed by the father of the child, William P. Boyd, and answer of the Guardian ad litem was filed in this case. A Motion to dismiss was filed by the maternal grandparents of the child, said motion based on Section 5103.16, Revised Code, as enacted by the last Legislature and effective October 27, 1961. The Petitioners claimed the Court has authority under Section 3107.08, Revised Code, to-wit: as a right to the best interests of the child, and after due investigation, permit said adoption to go forward.

The Court finds the following to be the facts: The mother of said child was killed by the father, and the father of the child is now confined in the Ohio State Penitentiary having been convicted of manslaughter. The records of the Juvenile Court of Columbiana County in Case No. 8826, discloses that in a non-support hearing in which the custody of the child at that time was involved that the child was placed with the petitioners, the Ferrebees, by consent of both parents, and accordingly, Journal Entry of September 25, 1961 "by consent of the parties and by order of the Court, temporary care, custody and control of the child is placed with the Ferrebees." This was again confirmed in Journal Entry of November 30, 1961, after the death of the mother and the arrest of the father had taken place.

The question raised by the motion is whether or not Section 5103.16, Revised Code, so affected by Section 3107.08, Revised Code, as to negate the possibility of this Court continuing to hear the petition for adoption and approve the same in the best interests of the child. A reading of Sections 102 through 107 in 50 Ohio Jurisprudence, 2, and being found between Page 82 and 90, indicates that the general rule in construing two sections is to give effect to the special over the general and to the latter passed section over the former. The Court will not cite individual cases, after reading such cases and reading the text, the Court feels that a special section can repeal a general section by implication and that the special sections control.

Section 5103.16, prior to the re-enactment in 129 Ohio Law, reads as follows: "no child under *two* years of age shall be given unto a temporary or permanent custody or any person, etc—which is not certified by Division of Social Administration—

without consent of the Division." The change in the new enactment states, "*no child* shall be placed or accepted for placement or retained on oral agreement or understanding, etc— without written consent of the Division of Social Administration, consent of the Juvenile or Probate Court." The pertinent part of paragraph 3 of said Section states, "no child shall be placed or received for adoption or with intent to adopt except through a placement by the County Welfare Department or organization authorized to place children for adoption under certification of division of social administration unless, *prior* to such placement and receiving of the child the parent or parents of the child have personally applied to the Probate Court of the county of which the child is a resident for approval of the proposed placement, specifically, it also appears that unless said Court, after individual investigation of the proposed placement, has determined it is to the best interests of the child and after approval of such placement." Passed at the same time and going into effect at the same time was Section 2151.04, Revised Code, of the Juvenile Act defining a dependent child and under sub-section D, make a dependent child, (1) whose parent or parents or legal guardian or custodian, have placed or attempted to place such child in violation of Sections 5102.16 or 5103.17, Revised Code. This section went into effect on exactly the same date, and was a departure from the former definition of the neglected child by the addition of sub-section D, in its entirety.

A reading of Section 3107.08, Revised Code, indicated that authority is given to the Court to investigate and approve in the best interests of the child illegally placed and to continue to hear adoption thereafter. But to rule that Sections 5103.16 and 2151.04, Revised Code, as recently passed in 1961, does not have any effect on the general statute Section 3107.08, Revised Code, enacted in 1953, is to do so in the face of the fact that the Legislature made these important changes. The procedure carefully outlined under Section 5103.16, Revised Code, is nearly the same as Section 3107.08, Revised Code, except the very important change that it shall be done *prior to the placement* of a child for adoption rather than *afterward*. Judicial interpretation requires that the Court must assume the Legis-

lature intended a change as indicated and had a purpose in mind in its new enactment.

The Court therefore finds that the new enactment, Section 5103.16, Revised Code, together with Section 2151.04, Revised Code, is by implication, a partial repeal of Section 3107.08, Revised Code, and placed a limitation on the Court. That the Court no longer has a right to approve placements that do not conform with the procedure outlined in Section 5103.16, Revised Code, for "the best interests of the child." The Court finds that while the placement of this child was approved by the Court as a temporary placement or custody, that it was not in compliance with Section 5103.16, Revised Code, which states "no child shall be placed or received for adoption—unless *prior* to such placement the parents have personally applied to the *Probate Court*, a hearing must be had, an investigation be made, and the *Probate Court* so finds." In the instant case, the *Juvenile Court*, not the Probate Court at all, placed said child *with* the parents consent, *not for adoption* but for temporary custody only.

To state that the Probate Court still has some area in which it may "in the best interests of the child" (Section 3107.08, Revised Code), approve illegal placements under Section 5103.16, Revised Code, is in effect repealing by Judicial interpretation the clearly expressed intent of the Legislature. By enactment of Sections 5103.16 and 2151.04, Revised Code, the Legislature clearly told the Court and the Ohio Citizens the method of placing children for adoptions by parents without the intervention of approved agencies. This Court finds this procedure to be exclusive and, by implication, a complete curb on the Courts' authority as formerly given in Section 3107.08, Revised Code. Therefore, this Court finds that the motion is well taken and the Petition for Adoption is dismissed.

In accordance with Section 2151.04, Revised Code, the appropriate statute in the Adoption Code, this case is certified to the Juvenile Court, the child is declared to be a dependent child by virtue of Section 2151.04, subsection D, Revised Code. The Ferrebees are hereby given permission to file for temporary custody of this child. The Court suggests if they do so, that they do it by way of answer and cross-petition in Case No.

1988, wherein the maternal grandparents have filed for such custody.

Exceptions permitted to all parties.

See journal.